# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# BEAUMONT DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:16-CV-7 |
| | § | |
| **REGINALD STANLEY STROTHER** | § | |
| and **LUCILLE ALEXANDER,** | § | |
| | § | |
| *Defendants.* | § | |

## ORDER ADOPTING REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636 and the Local Rules for the United States District Court, Eastern District of Texas, the Court referred this matter to United States Magistrate Judge Keith F. Giblin. On December 7, 2016, Judge Giblin issued his Report and Recommendation addressing the parties' competing motions for summary judgment. He recommended that the Court grant the plaintiff United States' motion for summary judgment and deny defendant Reginald Strother's motion for summary judgment. Judge Giblin also recommended that the Court enter final judgment in favor of the United States. The judgment would include permanent injunctive and declaratory relief enjoining Strother and his mother and co-defendant, Lucille Alexander, from further filing liens and lawsuits against government officials without prior authorization. The recommended judgment is set out in further detail in Judge Giblin's report.

Defendant Strother responded to the Report and Recommendation by filing objections and an "affidavit of facts." Strother first objects by arguing that the United States has not proven the elements of fraud sufficiently. He then contends that the government admitted to certain facts which favor Strother. He also reasserts his general argument that his constitutional rights to due process were violated in the course of this case as well as during the related criminal proceeding brought against him,

1:06-CR-182. Strother relatedly argues that all members of the judiciary in the Beaumont Division for the Eastern District of Texas are biased against him in that they have a "direct personal, substantial and pecuniary interest" in the outcome of the case. *See Objections* (Clerk's Doc. No. 43), at pp. 5-6. In his affidavit, Strother asserts that he has shown that the liens he filed against United States District Judge Marcia A. Crone were proper and not fraudulent. *See Affidavit* (Clerk's Doc. No. 44).

The Court has reviewed Strother's filings in response to the report and finds them to be without merit. In his 19-page report, Judge Giblin thoroughly discussed the relevant background information, including the defendant's history of filing harassing liens and lawsuits against Judge Crone and two other government officials - Jefferson County Clerk Carolyn Guidry and Lieutenant Robert Strause with the Orange County Sheriff's Department. He also considered, in detail, the relevant legal standards and noted that there is no evidence in the record indicating that Strother or Alexander had any valid basis for filing the purported liens.

The Court agrees with Judge Giblin that defendants' filings were submitted solely for the purpose of harassing and injuring Judge Crone, County Clerk Guidry, and Lt. Strause. Strother's objections and affidavits do not submit any new evidence indicating that there was any validity to the purported liens. His arguments regarding the United States' admissions are also unfounded, as the Request for Admissions submitted by Strother were improperly propounded. Judge Giblin addressed this in his report and notably stayed discovery by separate order (Clerk's Doc. No. 36). Finally, the Court finds Strother's suggestions regarding bias and conflicts of interests to be unsubstantiated. The evidence clearly establishes that Strother and Alexander submitted fraudulent filings solely for the purpose of harassment, and the government officials who were merely acting in the course of their official duties in their dealings with Mr. Strother have suffered harm as a result   As noted by Judge Giblin, legal precedent supports the conclusion that the defendants must be enjoined from further

frivolous filings. *See Report and Recommendation*, at pp. 12-13. Mr. Strother has not offered persuasive case law or evidence convincing this Court otherwise.

The Court has conducted a *de novo* review of the record and the applicable law. *See* FED. R. CIV. P. 72(b); 28 U.S.C. § 636(b). After careful consideration, the Court accepts Judge Giblin's recommended disposition. The Court therefore **ORDERS** that the *Report and Recommendation on Motions for Summary Judgment* (Clerk's Doc. #40) is **ADOPTED**. Pursuant to the magistrate judge's recommendation, the Court also **ORDERS** that the United States' Motion for Summary Judgment (Clerk's Doc. No. 17) is **GRANTED** and defendant's Motion for Summary Judgment (Clerk's Doc. No. 22) is **DENIED**. The Court will enter final judgment separately, incorporating the injunctive and declaratory relief recommended in the magistrate judge's report.

**SIGNED** this the 6 day of **January, 2017.**

_____
Thad Heartfield
United States District Judge